**Harpreet Singh THIND, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74668.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Shelley R. Goad, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Lisa W. Edwards, Esq., DOJ—U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Harpreet Singh Thind, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Tor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir.2006). We review for substantial evidence, *Chen v. Ashcroft*, 362 F.3d 611, 616 (9th Cir. 2004), and we deny the petition for review.

Thind's inability to conclusively demonstrate his true identity goes to the heart of his asylum claim, and therefore substantial evidence supports the agency's adverse credibility determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *see also Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (explaining that adverse credibility ruling will be upheld so long as identified inconsistencies go to heart of asylum claim). Because Thind failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence likewise supports the denial of Thind's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**